IN THE UNITED STATES DISTRICT COURT
OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Juan Osmin Lopez Barillas | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Alpine Forestry, LLC and Brandy Woods | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR DAMAGES**

**PRELIMINARY STATEMENT**

1.      Plaintiff Juan Osmin Lopez Barillas is a migrant agricultural worker and brings this action against Defendant pursuant to the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) 29 U.S.C. §§1801, et. seq., the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), 29 U.S.C. §§ 201 *et seq.* (2006 & Supp. 2009), the South Carolina Payment of Wages Act, S.C. Code § 41-10-10 to -50 (1976 & Supp. 2009), and Defendants' breach of contract.

2.      In 2011, Defendants recruited and transported Plaintiff Juan Osmin Lopez Barillas from Guatemala to South Carolina for the purpose of employment planting and harvesting pine trees for Alpine Forestry, LLC. Plaintiff was told that the work would last from December 2010 through May 2011. However, the Plaintiff's work ended in February 2011.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 29 U.S.C. §1854(a), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (Supplemental Jurisdiction). The Court is empowered to make a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is appropriate under 28 U.S.C. § 1391(b).

## PARTIES

4. In 2011, Defendants hired Plaintiff, who was a temporary foreign worker through the H-2B visa program, to harvest trees from the nursery, take measurements, load/unload bulk transport bins and load onto packing lines, sort and align seedlings and pack into and label bags, and load bags into storage for the Defendants. (See Attachment A – Department of Labor ETA Form 9142) The Plaintiff was a temporary foreign agricultural employee of Defendants and an H-2B worker as defined by the Immigration and Nationality Act, 29 C.F.R. § 500.20(e) (2013), 29 U.S.C. § 203(e) and (f) (2006 & Supp. 2009), 26 U.S.C. § 3121(g) (2006 & Supp. 2009) and the common law, and at all relevant times was engaged in the production of goods for commerce within 29 U.S.C. §§ 203 and 206 (2006 & Supp. 2009). Plaintiff was employed with Defendanst from December 2011 through on or about February 2011.

5. Defendant Alpine Forestry, LLC was a duly organized for-profit corporation in LaGrange, Georgia located at 137 B Commerce Avenue, Suite 287, LaGrange, Georgia 30241. It was administratively dissolved on August 23, 2011. The registered agent on file is listed as "resigned" per the Georgia Secretary of State Website. (See Attachment B – Georgia Department of Labor).

6.     Defendant Alpine Forestry, LLC was a duly organized for-profit corporation in LaGrande, GA during the time when the Plaintiff was employed with the Defendants. Defendants' registered agent was, Ginny Muilenburg, located at 1137 North 3rd Street, Couer d'Alene, ID 83814-3211.  Defendants were employers of Plaintiff within 29 U.S.C. §§ 1802(2) and 203(d) and (g) (2006 & Supp. 2009), 29 C.F.R. § 500.20(d) (2013), SC Code § 41-10-10(a) (1976 & Supp. 2009), and the common law, and at all times relevant to this action was engaged in the production of goods for commerce. 29 U.S.C. §§ 203 and 206 (2006 & Supp. 2009).

7.     Defendant Brandy Woods is listed as the owner and Human Resources Manager for Defendant Alpine Forestry, LLC located at 137 B Commerce Avenue, Suite 287, LaGrange, Georgia 30241.

8.     Although Defendant Alpine Forestry, LLC was administratively dissolved per the Georgia Secretary of State's website, Defendants submitted an application for temporary employment to the United State Department of Labor on September 24, 2012. (See Attachment C – 2012 Department of Labor ETA Request for Labor).

9.     In the 2012 ETA request for labor, Defendants stated that they were established in 2008 and listed its registered agent as Nicole Newton located at 1137 N. 3rd Street, Coeur d'Alene, ID 83814.

10.    At all relevant times, the Plaintiff was a migrant agricultural worker, as defined by the AWPA.

11.    Defendant Alpine Forestry, LLC, is a licensed Georgia Corporation, licensed and authorized to conduct business in Georgia and South Carolina, and at all relevant times was engaged in agricultural business in Aiken County, South Carolina.  Defendant Alpine

3

Forestry, LLC is a person within the meaning of 42 U.S.C §2000e(a) and an employer within the meaning of 42 U.S.C §2000e(b).  At all relevant times, Defendant Alpine Forestry, LLC. was an agricultural employer as defined by AWPA.

12.     Defendant Brandy Woods is resident of Georgia.  At all relevant times, was an a person within the meaning of 42 U.S.C §2000e(a), employer within the meaning of 42 U.S.C §2000e(b), and an employment agency within the meaning of 42 U.S.C §2000e(c).

## GENERAL ALLEGATIONS

13.     Plaintiff was a long standing seasonal employee of the Defendants, working in Georgia and South Carolina, having been employed with Defendants one or more years in the past.

14.     In 2011, Defendants applied for and received certification from the U.S. Department of Labor to employ sixty (60) temporary foreign agricultural (H-2B) workers to work in their pine tree harvest.  As a condition of receiving this certification, Defendants had to show that there were not a sufficient number of workers available in the United States to perform the work and promise to give first preference of work to workers already in the United States who were citizens or aliens authorized to work.

15.     During the time that Plaintiff worked for Defendants, he was paid $7.25 per hour.

16.     During the time that Plaintiff worked for the Defendants, he was paid in checks that did not correspond with pay stubs and actual hours worked.

17.     Plaintiff was selectively paid overtime by the Defendants and made unauthorized/undisclosed deductions from the Plaintiff's paycheck.  At times, these deductions brought the Plaintiff's pay below the applicable federal minimum wage.

18.     During the time that Plaintiff worked for Defendants, he was contracted out to work for Weyerhauser Company in Aiken, South Carolina where many of the payment violations took place.

19.     Plaintiff states that during the time he worked in South Carolina that he was forced to live in a 4 person trailer with 5 other workers.

20.     When Plaintiff would complain about his pay, housing conditions, and lack of promised hours to the Defendants he was verbally and physically mistreated.  He feared for his and his family's safety.

21.     In February, the Defendants ended the Plaintiff's contract and required him to find a place to stay until May.  The Plaintiff was not reimbursed for travel expenses to return to Guatemala.

## CLAIMS FOR RELIEF

## COUNT 1

### Violations of the Migrant and Seasonal Agricultural Worker Protection Act

22.     Defendants intentionally violated the AWPA in that they:

    a.     Failed to disclose in writing to Plaintiff at the time of his recruitment, terms and conditions of employment as required by 29 U.S.C. §§1821(a) and 1831(a); 29 C.F.R. §§500.75(b) and 500.76(b);

    b.     Knowingly provided false or misleading information to Plaintiff in violation of 29 U.S.C. §1821(f) and 1831(f); 29 C.F.R. §500.77 ;

    c.     Violated the terms of the working arrangement with Plaintiff in violation of 29 U.S.C. §§1822(c) and 1832(c); 29 C.F.R. §500.72;

      d.      Failed to provide to make, keep, and preserve records for each worker for each pay period, showing the basis on which wages are paid, number of hours worked, total pay period earnings, specific sums withheld from wages and the purpose of each sum withheld in violation of 29 U.S.C. §§1821 and 1831; 29 C.F.R. §500.80;

      e.      Failed to pay the Plaintiff wages when due in violation of 29 U.S.C. §§1822 and 1832; and

      f.      Discriminated against the Plaintiff for the exercise of his rights under AWPA in violation of 29 U.S.C. §1855(a).

23.    As a result, the Plaintiff suffered damages.

## COUNT II

### Violations of the FLSA

24.    Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully stated herein.

25.    At all times relevant to this action, the applicable federal minimum wage was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C) (2006 & Supp. 2009).

26.    Defendant failed to provide overtime payment to Plaintiff when Plaintiff worked more than a 40-hour work week in violation of 29 U.S.C. § 213(b)(28).

27.    As a result Plaintiff suffered damages.

## COUNT III

### Violations of the South Carolina Payment of Wages Act

28.    Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully stated herein.

29.     Defendants failed to compensate Plaintiff for all work hours he performed and for which he was owed payment under the then-current pay period.

30.     In violation of S.C. Code Ann. § 41-10-40 (1976 & Supp. 2009), Defendants failed to pay the Plaintiff all wages due at the designated time and place.

31.     In violation of S.C. Code Ann. § 41-10-50 (1976 & Supp. 2009), Defendants failed to pay the Plaintiff all wages due within forty-eight hours or the next regular payday.

32.     As a result of Defendants' actions, the Plaintiff suffered damages.

## COUNT IV

### Breach of Contract

33.     Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully stated herein.

34.     Defendants entered into an employment contract with the Plaintiff when it offered and the Plaintiff accepted employment and the Plaintiff traveled to Alpine Forestry, Inc. in Georgia and worked in South Carolina.

35.     Defendants breached the employment contract with the Plaintiff by ending the Plaintiff's contract of employment prior to the contracted end date of May 2011.

36.     Defendant breached the employment contract with the Plaintiffs by violating the South Carolina Payment of Wages Act (1976 & Supp. 2009) which the Defendant was required to comply with through 20 C.F.R. §§ 655.100 *et. seq.*, (2011).

37.     As a result, Plaintiff suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray this Court will enter an Order:

a)  declaring that Defendants have intentionally violated the AWPA as set forth in Count I;

b)  granting judgment in favor of Plaintiff on the Plaintiff's claims under the AWPA as set forth in Count I and pursuant to 29 U.S.C. §1854(c)(1) awarding the Plaintiff the greater of their actual damages, including pre-judgment interest or statutory damages of $500 whichever is greater for each violation of the AWPA;

c)  declaring that Defendants have violated the Fair Labor Standards Act as set forth in Count II;

d)  declaring that Defendant violated 29 U.S.C. § 206(a) and § 215(a)(3) (2006 & Supp. 2009);

e)  declaring that Defendant violated S.C. Code § 41-10-40 & -50 (1976 & Supp. 2009);

f)  awarding the Plaintiffs treble damages for each violation of S.C. Code § 41-10-40 & -50 (2006), pursuant to S.C. Code § 41-10-80(C) (1976 & Supp. 2009).

g)  permanently enjoining Defendants from further violations of the AWPA;

h)  granting such other relief as this Court deems just and equitable.

i)  declaring that Defendant breached its contract with the Plaintiffs;

j)  awarding Plaintiff actual and compensatory damages for each breach of contract;

(k)     awarding Plaintiffs pre- and post-judgment interest as allowed by law, court costs, and reasonable attorneys' fees; and

(l)     granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Shaundra F. Young*
Shaundra F. Young (#10432)
South Carolina Legal Services
2803 Carner Avenue
North Charleston, SC 29405
(843) 266-2168 telephone
(843) 760-1090 facsimile
email: shaundrayoung@sclegal.org

9